EDWARD WETTER, Appellant, *v*. WALTER RUSSELL, Respondent.

In the Matter of the Application of WALTER RUSSELL for an Order Cancelling and Discharging of Record a Judgment Against Him and in Favor of Edward Wetter.*

(Supreme Court, Appellate Term, First Department, July, 1918.)

Bankruptcy — adjudication in — when debt discharged by bankruptcy proceedings — judgments — forbearance — offense defined by § 29-B of Bankruptcy Act.

Plaintiff, after defendant's adjudication as a bankrupt and prior to his discharge, upon receiving from him an assignment of a judgment against third parties, satisfied of record a judgment recovered by him against defendant before his bankruptcy, whereupon defendant amended his schedules by expunging therefrom the satisfied judgment which was a debt provable in the bankruptcy proceedings. In an action thereafter brought in the Supreme Court to have the satisfaction of plaintiff's original judgment set aside on the ground that he was induced to accept the judgment against third parties upon defendant's fraudulent representations, a decree was entered setting aside said satisfaction and reinstating the judgment. Upon affirming an order cancelling and discharging of record said reinstated judgment on the ground of defendant's discharge in bankruptcy, *held:*

* Received too late for insertion in proper place.—[REPR.

That as plaintiff upon his own statement had been guilty of an offense defined by section 29-B of the Bankruptcy Act, in that he had extorted property from the defendant for his forbearance to act in the bankruptcy proceedings, the parties should be left in the same position as they were before plaintiff was guilty of said offense and the defendant was guilty of a fraud; and that since plaintiff chose to forbear proving his original judgment in the bankruptcy proceedings and to file objections to the bankrupt's discharge because he believed. he had obtained property from the bankrupt as a consideration for such forbearance, his debt was discharged by the bankruptcy proceedings.

FINCH, J., dissents.

APPEAL by the plaintiff from an order of the City Court of the City of New York cancelling and discharging of record a judgment recovered by plaintiff against defendant, such motion to cancel and discharge being made by reason of defendant's discharge in bankruptcy.

Samuel M. Shack, for appellant.

Walsh & Young (John T. Walsh, of counsel), for respondent.

LEHMAN, J.    The plaintiff herein, at the inception of the defendant's bankruptcy proceedings, was the owner of a judgment against the defendant.    That judgment was a debt provable in bankruptcy and the plaintiff's judgment was included in the bankruptcy schedules filed by the defendant and the plaintiff had notice and actual knowledge of the proceedings in bankruptcy.    Thereafter and before the defendant's discharge in bankruptcy the plaintiff received from the defendant an assignment of another judgment against third parties and thereupon gave the defendant a satisfaction of the judgment against the defendant.    The defendant thereupon amended his. bank-

ruptcy schedules by expunging therefrom the judgment which the plaintiff had previously owned. Inasmuch as the plaintiff's judgment against the defendant was satisfied of record and he had received another judgment against third parties in settlement thereof, the plaintiff apparently had no longer any interest in the bankruptcy proceedings and was not the owner of any claim against the bankrupt, *provable or otherwise.* It appears, however, that thereafter the plaintiff brought an action in the Supreme Court to have the satisfaction of his original judgment set aside on the ground that he was induced by the defendant to accept the judgment against third parties upon fraudulent representations of the defendant. In that action he secured a decree setting aside the satisfaction of the judgment against the defendant and reinstated the said judgment.

The decree setting aside the satisfaction of the judgment could only be based upon the plaintiff's claim that the satisfaction was fraudulent in its inception and the effect of the decree was to place the parties in the same position that they had occupied before and as if no satisfaction had ever been executed. The plaintiff obviously cannot claim any benefit from the execution of the satisfaction of the judgment or from defendant's agreement to settle the previous judgment where he has had the satisfaction of the judgment set aside on the ground that it was obtained by fraud. If, therefore, the decree of the Supreme Court is to be given its usual effect, the plaintiff is in the position that he is the owner of a judgment against the defendant which has never been satisfied and which was a debt provable in the bankruptcy proceedings. The plaintiff, as stated above, had actual notice and knowledge of the bankruptcy proceedings and even though his name did not appear in the amended schedule which

superseded the original schedules, that debt, if provable, was released by the discharge of the bankrupt. Bankruptcy Act, § 17.

The plaintiff now claims, however, that, in view of the fact that at that time the judgment against the defendant was satisfied of record, he was not in a position to prove his claim and that if the court now permits the bankrupt to set up his discharge as a release from this debt the bankrupt will be allowed to profit by his own fraud. In view of the fact that this position of the plaintiff involves the proposition that the satisfaction was valid for some purposes and that he is entitled to claim the benefit of the agreement until the time when it was set aside, it seems to me inconsistent with his position in bringing an action in equity to set aside the satisfaction of the judgment because it was fraudulent in its inception and if his present contention be sustained the decree heretofore made by the Supreme Court setting aside the satisfaction would not have the effect of restoring the parties to their previous status.

The only ground, it seems to me, upon which we could possibly sustain this contention is that the defendant has precluded himself by his own fraud from thereafter making a motion in this court for the relief now asked. It seems to me, however, that upon this appeal we need not consider this question because another consideration enters into this case which appears decisive. The plaintiff in his own affidavit alleges that after he had received notice from the bankruptcy court to the effect that he was scheduled as one of the bankrupt's creditors, " this deponent saw Walter Russell and informed him that he had certain information which if used by him would prevent said Walter Russell from obtaining his discharge in bankruptcy and that unless the said Walter Russell would

settle the judgment which his deponent had against him and make provision for the payment of said judgment, and unless this deponent's claim was expunged from the bankruptcy schedules, that this deponent would file objections to the discharge in bankruptcy of the said Walter Russell, and would thereupon prevent the said Walter Russell from obtaining his discharge in bankruptcy. That after various conversations had by this deponent with the said Walter Russell, an agreement was entered into by said Walter Russell with this deponent as follows: etc.'' The agreement which the plaintiff claims was made with the defendant after various conversations is the agreement which thereafter this court has set aside because it was induced by fraudulent representations of the defendant.

Section 29, subdivision B of the Bankruptcy Act provides: ''A person shall be punished, by imprisonment for a period not to exceed two years, upon conviction of the offense of having knowingly and fraudulently * * * (4) received any material amount of property from a bankrupt after the filing of the petition, with intent to defeat this act; or (5) extorted or attempted to extort any money or property from any person as a consideration for acting or forbearing to act in bankruptcy proceedings.'' The plaintiff upon his own statement has been guilty of the offense defined in the statute and the reason why his name did not continue in the bankruptcy schedules and why he did not prove his claim is that he attempted to extort property from the defendant for his forbearance to act in the bankruptcy proceedings.

It follows, I think, that we should hold that the parties should be left in exactly the same position as they were before the plaintiff was guilty of an offence under the bankruptcy act which he admits, and the

Appellate Term, First Department, July, 1918. [Vol. 104.

defendant was guilty of a fraud, and that since the plaintiff had a provable debt and chose to forbear proving it and filing objections to the discharge of the bankrupt, because he believed that he had obtained property from the bankrupt as a consideration for his forbearance, his debt is now discharged by the bankruptcy proceedings. Order should therefore be affirmed with ten dollars costs and disbursements.

PENDLETON, J. (concurring). There can be no doubt that at the time of the filing of the petition in bankruptcy plaintiff had a provable debt and that it was properly scheduled. By section 17 of the Bankruptcy Act a discharge releases a bankrupt from all his provable debts except such as (among other things) have not been duly scheduled in time for proof and allowance, etc., unless such creditor had notice or actual knowledge of the proceedings in bankruptcy. Here the debt was duly scheduled at the time of the petition. If the amendment to the schedule is to be considered as changing this, the plaintiff had knowledge of the bankruptcy proceedings. He is not in a position, therefore, to object on the ground that it was not properly scheduled.

The satisfaction of the judgment having been procured by fraud, plaintiff could have avoided it at any time and proved his debt. The debt was a provable debt. The fact that he deferred proceedings to set aside the satisfaction of the judgment until after the discharge is immaterial.

I concur with the opinion of Mr. Justice Lehman that the order should be affirmed.

FINCH, J. (dissenting). On January 9, 1913, plaintiff recovered a judgment against defendant which was docketed and filed the same day. On January 11, 1915, defendant filed a petition in bankruptcy and was duly

adjudicated a bankrupt. On October 21, 1915, defendant obtained his discharge. In the first set of schedules filed in the bankruptcy proceedings, plaintiff's judgment was included and plaintiff had notice thereof. In April, 1915, defendant obtained from plaintiff and filed a satisfaction of this judgment, and the bankruptcy schedules were amended so as to eliminate said judgment therefrom. Plaintiff alleges in his own affidavit that he sought out the defendant and informed him that the plaintiff had certain information which would prevent defendant from obtaining his discharge in bankruptcy, and unless defendant would make provision for the payment of such judgment and expunge plaintiff's claim from the bankruptcy schedules that plaintiff would file objections to the discharge and prevent the defendant from obtaining his discharge in bankruptcy, and that thereafter the said defendant by fraudulent representations induced the plaintiff to accept an assignment of another judgment and obtained from the plaintiff a satisfaction of the judgment owned by the plaintiff against the defendant, and the amended schedules above noted were thereupon filed. It also appears that on January 15, 1918, because of the fraud of the defendant the plaintiff obtained a decree of this court setting aside the aforesaid satisfaction of judgment and reinstating the judgment against the defendant in favor of the plaintiff.

In the disposition of this appeal it is unnecessary to consider the respective delinquencies of the parties. If the plaintiff has been guilty of wrong-doing it has been judicially determined that the defendant was guilty of fraud which may or may not have also amounted to a crime. The amended schedules in bankruptcy took the place of the original schedules and hence the plaintiff was not possessed of a provable debt against the defendant from the time of the filing

of the amended schedules until long after the defendant's discharge in bankruptcy. By section 17 of the Bankruptcy Act it is provided that a discharge in bankruptcy shall release a bankrupt from all of his provable debts. From the time that a satisfaction of the judgment was filed until the time when by a decree of this court said satisfaction was cancelled and the judgment reinstated, plaintiff was not in possession of a debt which he could prove in bankruptcy proceedings. Since the plaintiff had at the time no provable debt, it follows that the defendant was not discharged in bankruptcy from the judgment held by the plaintiff. To hold that these parties should be reinstated in the positions which they occupied before both were guilty of offences is to ignore the plain provisions of the bankruptcy act that there must be a provable debt. Moreover, an act is never held to relate back when the effect of such relating back is to cut off rights which have intervened between the time of the happening of the act and the time at which it is adjudged to relate back. There is an additional reason why this court should not grant the affirmative relief which the defendant seeks on this motion. Both parties have been guilty of offences and hence neither should be granted affirmative relief as against the other.

It follows that the order appealed from should be reversed with costs and disbursements of this appeal, and the judgment in favor of the plaintiff reinstated.

Order affirmed, with costs and disbursements.